THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANTE BROADY,<br><br>Defendant. | CASE NO. CR25-0077-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's unopposed motion for a detention hearing (Dkt. No. 19). The Court GRANTS the motion for the reasons explained herein.

A detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing" that is "material" to the Court's decision. 18 U.S.C. § 3142(f). Here, Defendant is awaiting trial on two counts: (1) sex trafficking of an adult female by force, fraud, and coercion, and (2) transportation of an adult female for the purpose of prostitution. (Dkt. No. 14 at 1–2.) On April 11, 2025, the Honorable Paula L. McCandlis ordered Defendant's detention. (Dkt. Nos. 6, 9.)

According to Defendant's unopposed motion, Defendant stipulated to detention at the time of his initial appearance but now seeks to reopen his detention hearing in light of new

ORDER
CR25-0077-JCC
PAGE - 1

1   information. (*See* Dkt. No. 19 at 2.)¹ At the time, says Defendant, defense counsel did not know
2   whether Defendant might have a job or housing available upon release. (*See id*. at 1–2.) Counsel
3   further understood that Defendant was under lifetime supervision for an out-of-state conviction
4   and did not know how that supervision might affect Defendant's availability in this case. (*See*
5   *id*.) Since then, defense counsel has learned from Defendant's corrections officer that "he would
6   face a custodial sanction of no more than 15 days, unless he is convicted of a new offense," such
7   that the Court may release Defendant to "address any outstanding [corrections] matters," yet take
8   comfort in knowing that Defendant "would remain available for proceedings in this matter." (*Id*.
9   at 2–3.) Defendant further represents that, despite his recent arrest, his job may still be available
10  to him and he still has housing options. (*Id*. at 2.) On this basis, Defendant asks to reopen his
11  detention hearing. (*See generally id.*) In light of these representations, including that the instant
12  request is unopposed, the Court finds good cause to re-open the detention hearing.
13       Accordingly, the motion (Dkt. No. 19) is GRANTED in part. The Clerk is DIRECTED to
14  REFER this matter to a magistrate judge for an additional detention hearing, which shall be held
15  as directed by that magistrate judge.
16  //
17  //
18  //
19  //
20  //

---

¹ To be clear, the Court understands Defendant's argument to be that, because he stipulated to detention, he has not technically had a detention hearing and therefore asks for one now. (Dkt. No. 19 at 2.) Defendant cites no law for this proposition. The Court therefore rejects this reasoning. Instead, contrary to Defendant's characterization, the Court finds that Judge McCandlis held both an initial appearance *and* detention hearing at the same time. (*See* Dkt. No. 6.) That Defendant stipulated to his detention does not negate the fact of the hearing. Nevertheless, the Court construes Defendant's unopposed motion as one seeking to re-open his detention hearing in accordance with 18 U.S.C. § 3142(f).

1    DATED this 22nd day of May 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR25-0077-JCC
PAGE - 3