THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SHANTE BROADY,<br><br>　　　　　　Defendant. | CASE NO. CR25-0077-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's speedy trial waiver / request to continue trial to January 5, 2026 (Dkt. No. 71).

The Sixth Amendment guarantees a criminal defendant's right to a speedy trial. U.S. Const. amend. VI. In determining whether this right has been violated, courts generally consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether, when, and how a defendant asserted his right to a speedy trial; and (4) whether a defendant was prejudiced by the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). This list is not exclusive and none of the factors are controlling. *Barker*, 407 U.S. at 533. The factors are related and must be considered together, along with other relevant circumstances. *Id.*

Applying the factors to the instant case, the Court finds that a continuance to January 5, 2026, will not violate Defendant's speedy trial rights. The additional delay of approximately one

month does not raise timeliness or prejudice concerns. Thus, the first and fourth factors cut against a speedy trial violation *Cf. United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003) (finding that a 22-month delay "was not excessively long" and collecting other cases with 15- to 20-month delays that only weighed slightly in the defendants' favor). And Defendant has affirmatively waived his speedy trial right up to January 5, 2026. (*See* Dkt. No. 71.) So the third factor supports a finding of no violation here. Thus, commencing trial on January 5, 2026, will not violate Defendant's Sixth Amendment speedy trial rights. For similar reasons, such a continuance is appropriate under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.*[1]

Accordingly, **trial in this matter is continued to January 5, 2026**. Pretrial submissions shall be made in accordance with CrR 23.1 and CrR 30, as modified by the Court's trial procedures *available at* https://www.wawd.uscourts.gov/judges/coughenour-procedures#coughenour6.

It is so ORDERED this 5th day of November 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Act generally requires a defendant's trial to commence within 70 days of their initial appearance or indictment (*i.e.*, the "speedy trial timeframe"). 18 U.S.C. §§ 3161(c)(1), (h). However, the Act also elucidates many circumstances that can toll the speedy trial timeframe, including "that the ends of justice served by [the delay] outweigh the best interest of the public and the defendant in a speedy trial." *Id*. § 3161(h)(7)(A).