The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHANTE BROADY,

Defendant.

NO. CR25-077-JCC

[~~PROPOSED~~]

**PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER comes before the Court on the United States' Motion (**Dkt No 137**) for Preliminary Order of Forfeiture (the "Motion") seeking to forfeit, to the United States, Defendant Shante Broady's interest in the following property (collectively, the "Subject Property"):

a.   A .380 auto caliber Ruger pistol, model LCP, bearing serial number 375-53862, and any associated ammunition, seized on or about April 11, 2025, from Defendant's residence in Seattle, Washington (the "Ruger Pistol");

b.   A black iPhone in a Speck case (FBI item no. 1B4), seized on or about April 11, 2025, from Defendant's residence in Seattle, Washington (the "Black iPhone");

Motion for Preliminary Order of Forfeiture - 1
*United States v. Broady,* CR25-077-JCC

c.    A TCL cell phone in a bedazzled case (FBI item no. 1B6), seized on or about April 11, 2025, from Defendant's residence in Seattle, Washington (the "TCL Phone"); and

d.    An Apple cellular telephone, IMEI 352902110061570 (FBI item no. 1B1), seized on or about January 29, 2025 from Minor Victim 1 in Seattle, Washington (the "Apple Phone").

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate for the following reasons:

1.    The United States provided Defendant Broady notice of its intent to pursue forfeiture, pursuant to 18 U.S.C. § 1594(d), of any property that constitutes or is derived from proceeds of the offense, as well as any property involved in, used or intended to be used to commit or facilitate the Defendant's commission of *Sex Trafficking of an Adult Female (AV2) by Force, Fraud, and Coercion* and (Count 1) and *Sex Trafficking of a Minor (MV1)* (Count 3);

2.    The United States provided Defendant Broady notice of its intent to pursue forfeiture, pursuant to 18 U.S.C. § 2428(a), of any property that constitutes or is derived from proceeds of the offense, as well as any property used or intended to be used to commit or facilitate the Defendant's commission of *Sex Trafficking of an Adult Female (AV2) by Force, Fraud, and Coercion* (Count 2) and *Transportation of a Minor (MV1) with Intent to Engage in Prostitution* (Count 4);

3.    The United States provided Defendant Broady notice of its intent to pursue forfeiture, pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), of any firearms and ammunition that were involved in Defendant's commission of *Unlawful Possession of a Firearm* (Count 5);

4.    On April 1, 2026, a federal jury convicted Defendant Broady of Counts 1-4, (Dkt. No. 128);

Motion for Preliminary Order of Forfeiture - 2
*United States v. Broady,* CR25-077-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.     On April 1, 2026, the Court convicted Defendant Broady of Count 5 (*See* Docket at 125);

6.     Defendant waived his right to have the jury determine forfeitures in this case; and

7.     The government established, by a preponderance of the evidence presented at trial, including victim testimony, expert testimony, and documentary and physical evidence, the requisite nexus between the Subject Property and the offenses of conviction.

NOW, THEREFORE, THE COURT ORDERS:

1.     Pursuant to 18 U.S.C. § 1594(d), 18 U.S.C. § 2428(a) and 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), Defendant Broady's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Defendant Broady at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3.     The Department of Justice, Federal Bureau of Investigation (FBI), and/or its authorized agents or representatives shall maintain the Subject Property in its custody and control until further order of this Court;

4.     Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the Subject Property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the Subject Property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or

Motion for Preliminary Order of Forfeiture - 3
*United States v. Broady,* CR25-077-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property;

    b.    shall be signed by the petitioner under penalty of perjury; and,

    c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 30th day of June 2026.

_____
THE HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

Motion for Preliminary Order of Forfeiture - 4
*United States v. Broady,* CR25-077-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Presented by


*s/ Krista K. Bush*
KRISTA K. BUSH
KARYN S. JOHNSON
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
Phone: (206) 553-2462
Fax: (206) 553-6934
Karyn.S.Johnson@usdoj.gov
Krista.Bush@usdoj.gov

Motion for Preliminary Order of Forfeiture - 5
*United States v. Broady,* CR25-077-JCC